UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE JIMENEZ,<br><br>                                Plaintiff,<br>vs.<br><br>MILK STUDIOS, LLC,<br><br>                                Defendant. | **COMPLAINT AND JURY DEMAND** |

**PRELIMINARY STATEMENT**

Defendant Milk Studios, LLC refers to itself as a "culturally conscious company" that, among other things, hosts events, photo shoots and parties for the financial and celebrity elite. Yet, behind the scenes Milk Studios treats the very people who do the hard work of preparing the space for the events illegally and with contempt. In the case of the Plaintiff, Jose Jimenez, they have engaged in outright wage theft, literally not paying him for days of work performed.

**NATURE OF ACTION**

1. This is an action brought by Plaintiff for wage theft and violation of his right to minimum wages under the Federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and violation of New York City's Freelance Isn't Free Act ("FIFA").

2. The claims arise from Plaintiff's employment as a painter by Defendant Milk Studios.

**PARTIES**

3. Plaintiff Jose Jimenez was an employee of the Defendant at all relevant times. Plaintiff is a Latino-American man who resides in the East Harlem neighborhood of Manhattan in the City and State of New York.

4.     Defendant Milk Studios is a self-styled "culturally conscious company". It is a domestic limited liability company with its principle office 450 West 15th Street in the Meatpacking District of Manhattan, New York City, NY. Milk Studios conducts substantial business in the State of New York within the jurisdiction of the Southern District of New York, including the events that are the subject of this Complaint.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 207.

6.     Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because Defendant is subject to the Court's personal jurisdiction with respect to this action, and a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of New York.

## FACTUAL ALLEGATIONS

7.     Plaintiff was hired by Milk Studios to do painting work in the spaces where Defendant hosts parties and other events. They frequently change the look of the rooms they rent.

8.     In November, 2018 Plaintiff was approached by an employee of the company and asked him if he would like to do some work starting in early December and lasting for two to three weeks. The Milk Studios employee explained that he would be paid $180 for each day of work, regardless of the length of the work day. Plaintiff accepted the offer to do the work.

9.     Plaintiff, and others, were required to attend "training sessions" in painting the rooms. The training consisted of doing the work of painting the rooms. Plaintiff was required to attend four such "trainings". Plaintiff, and upon information and belief the other "trainees", were

not paid for their time in violation of the Thirteenth Amendment to the United States Constitution, among other laws.  Undoubtedly, clients of Milk Studios hosted parties prepared by these workers who were not paid for their work.

10. Once the illegal unpaid training sessions were completed, Plaintiff began working, he believed for pay, on December 3, 2018.  His last day working was December 18, 2018, when the assignment was completed.

11. Plaintiff was not paid when the work was completed.  When he went to Milk Studios to inquire about his pay, he was required to sign an "independent contractor" contract and an IRS form W-9.  Both are attached as Exhibits A and B.  He did so believing it would facilitate the payment for the work he completed.

12. The contract, however, does not specify what plaintiff was contracted to do, the rate of compensation, the time of compensation, nor was it signed by a representative of the defendant, in violation of FIFA.

13. Plaintiff was told that payments were made every two weeks and that he could pick up his check on December 28, 2018 (though Milk Studios did not see fit to pay him on December 14 when most of the days he worked were done).   He was not paid on December 28.

14. Plaintiff made repeated attempts to obtain his pay from Milk Studios.  Plaintiff was offered the work for $180 per day, and expected to be paid $1,800 for the ten days of non-"training" work he performed.  Milk Studios repeatedly gave him the run around and ultimately simply refused to pay for reasons that remain a mystery.

15. . In addition, Milk Studios should have, but did not pay him for the four days he worked but have been mischaracterized as "training" at the same $180 per rate he was promised.

16. Plaintiff was forced to sign the "independent contractor" contract, but he was in no way an independent contractor. Plaintiff, and the similarly situated workers exercised no

3

control over their hours of work or how they performed the work; they were provided the tools needed for the job; they did not and were not expected to bill Milk Studios; and they received purported "training" by Milk Studios, among other indications that they were employees.

17. Of course, the advantage to Milk Studios of not considering these workers employees is avoiding payroll taxes and avoiding extending legally required benefits, such as workers compensation, to employees. But in doing so they have violated multiple civil and criminal laws.

18. Defendant Milk Studios has knowingly and willfully violated laws prohibiting wage theft, and are liable for liquidated damages to plaintiff.

## **FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage - 29 U.S.C. § 206 and 29 U.S.C. § 218)**

19. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

20. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and continued to employ employees, including Plaintiff. At all relevant times, upon information and belief, Defendant had gross operating revenues in excess of $500,000.00 and engaged in significant interstate commerce.

21. Defendant failed to pay Plaintiff the federal and state minimum wage, by not paying him anything for the fourteen days he worked (including the work days mischaracterized by Defendant as "training").

22. Defendant has willfully and maliciously failed to pay Plaintiff the minimum wages to which he was entitled under the Fair Labor Standards Act.

## SECOND CAUSE OF ACTION
**(Failure to Pay Minimum Wage – 12 NYCRR § 142-2.1)**

23. Plaintiff allege and incorporate by reference the allegations in the preceding paragraphs.

24. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the New York Labor Law.

25. Defendants have willfully and maliciously failed to pay Plaintiff the minimum wages to which they were entitled under the New York Labor Law.

## THIRD CAUSE OF ACTION
**(Violation of Freelance Isn't Free Act – New York City, N.Y. Code § 20-927 *et seq.*)**

26. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

27. At all relevant times, Defendant claimed and characterized Plaintiff as an Independent Contractor.

28. Yet, Defendant violated the Freelance Isn't Free Act by not paying Plaintiff.

29. Defendant further violated the Act by not providing a fully executed contract that specifies the services provided or the pay rates.

30. Defendants have willfully and maliciously failed to pay Plaintiff the additional wages to which they were entitled under the New York City Freelance Isn't Free Act.

## FOURTH CAUSE OF ACTION
**(Breach of Contract)**

31. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

32. Plaintiff and Defendant verbally agreed that Plaintiff would work for Defendant and that Defendant would pay plaintiff $180 per day for the work.

33. On the ten days per the contractual agreement, Plaintiff worked for Defendant with the expectation under the contract that he would be paid $180 each day. Defendant willfully and maliciously breached their contract by not paying Plaintiff any money for work he performed on each day.

34. Defendant is liable to plaintiff for breach of contract under New York Common law.

## **PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

A. That Defendant is found to have violated the Federal Fair Labor Standards Act, New York Labor Law, and/or New York City Consumer Affairs law;

B. That Defendant's violations as described above are found to be willful and malicious;

C. An award to Plaintiff for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

D. An award of reasonable attorneys' fees and costs pursuant to 29 USC § 216 and/or other applicable law; and

E. For such further relief, in law or equity, as this Court may deem appropriate and just.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED: April 4, 2019

                                        Stoll, Glickman & Bellina, LLP

                                        _____/s/_____
                                        Leo Glickman
                                        Stoll, Glickman & Bellina, LLP
                                        5030 Broadway, Ste. 652
                                        New York, NY 10034
                                        lglickman@stollglickman.com
                                        (718) 852-3710

To:    Milk Studios, LLC
        450 W. 15th St.
        8th Floor
        New York, NY 10011

CC:    NYC Office of Labor Policy and Standards
        42 Broadway, 9th Floor
        New York, NY 10004